SOLOMON WRIGHT, survivor of *Elijah Lovett, qui tam, vs.* CALEB ELDRED.

*Quaere*—If proof of covin and collusion *between the parties* to a fraudulent judgment in its concoction, had to avoid the right of another, is essential to bring the party procuring such judgment within the penalty of the statute against fraudulent and deceitful conveyances, &c. ?

*Held*—That proof of the fact, that the defendant in such fraudulent suit, justified the judgment had, *after its recovery,* was sufficient evidence of collusion between the parties.

The penalty of the statute against fraudulent and deceitful conveyances, &c. attaches to a covinous *suit, judgment* or *execution,* although those words are not repeated in the clause giving the penalty.

THIS was an action brought upon the *seventh* section of the act for the punishment of certain inferior crimes and misdemeanors.

The cause now came before this Court on a motion by the defendant, that the judgment below be reversed, and for a new trial, founded on exceptions taken at the trial, and allowed and certified agreeably to the statute.

The count in the plaintiff's declaration, upon which the verdict and judgment now sought to be reversed, were obtained, was as follows :—

And also, for that whereas, the defendant, on the 6th day of July, A. D. 1818, at *Pownal,* to wit, at *Bennington* aforesaid, was a party to a certain fraudulent and deceitful suit against one *Mumford Eldred,* in which said suit a certain fraudulent and deceitful judgment was, at the term of the county court begun and holden at Bennington, on the 1st Monday of December, A. D. 1819, recovered by the said defendant against said Mumford Eldred, for the sum of 2465 dollars and 54 cents damages, and 33 dollars and 59 cents, cost of said suit, to the purpose and intent to avoid the right and debt of the said *Solomon* and *Elijah,* they the said Solomon and Elijah then being creditors to said Mumford Eldred, on a certain promissory note, dated the 31st day of March, A. D. 1818, for the sum of fifteen hundred dollars, payable in sixty days from the date thereof to the said Solomon and Elijah, and the said suit and judgment, the defendant, being party and privy thereto, did then and there justify to be made, had, executed and recovered *bona fide* and upon good consideration ; by reason whereof, and by force of the statute in such case made and provided, an action hath ac-

Wright,
*qui tam,*
*vs.*
Eldred.

crued to the said Solomon and Elijah, who sue as aforesaid, (they the said Solomon and Elijah being the parties aggrieved by said fraudulent and deceitful suit and judgment,) to have and recover for the treasurer of said county of Bennington, and for themselves, the said Solomon and Elijah, the sum of 2499 dollars and 13 cents, being the sum of money contained and recovered in said fraudulent and deceitful judgment recovered by the defendant against said Mumford Eldred, as aforesaid.

That part of the testimony given on the trial which appears in the exceptions, and the opinions of the court to which exceptions were taken, were, in substance, as follows :—

The judgment complained of as having been fraudulent within the statute, was rendered by the county court within and for the county of Bennington, on the first Monday of December, 1819, in favour of the defendant, Caleb Eldred, against one Mumford Eldred—and was predicated on two specifications, or distinct claims, filed by the counsel of said Caleb in that cause, one for $1700, cash paid at the Utica Bank, and one order drawn by Mumford Eldred on one *Azel Mead,* and protested, amounting to $516,84. An appearance was entered for the defendant, Mumford Eldred, by counsel, and, after a continuance of the cause, judgment was rendered for both sums specified; but the execution thereon was not satisfied.

These proceedings in the case of *Caleb Eldred* vs. *Mumford Eldred,* were given in evidence by the plaintiff on this trial;— and also sundry declarations of the defendant, particularly the evidence of one *Burleson,* tending to prove, that said Caleb, immediately after the attachment he had made on said Mumford's property, declared he had attached property to more than the amount of his debt, and that he had done this to keep the property together; but no evidence was given of the value of the property.—Evidence was also given, that Mumford Eldred had absconded to parts unknown, six weeks before said Caleb made his attachment. To resist the impressions and presumptions arising against said Caleb from such declarations, the said Caleb offered to read to the jury, as evidence, a valid mortgage deed of said Mumford, to one *Joseph Parker,* to the amount of $3000, before said admission lying on said estate, and then unknown to said Caleb; which evidence, for the purpose aforesaid, was objected to, and rejected by the court. A quit-claim deed, dated March 20, 1821, was offered by the plaintiff, from Mumford Eldred to Caleb Eldred, of the same real estate covered by said attachment, which was objected to by the defendant, but admitted by the court.

The court charged the jury, among other things—That if Caleb and Mumford Eldred did afterwards justify the said judgment to be *bona fide,* it was unnecessary for the plaintiff to show any previous concert or agreement of the parties, or the privity of Mumford Eldred—And that the penalty extended to the amount of the whole judgment obtained, although the jury should find but *part* of the consideration thereof fraudulent.

*Phelps*, in support of the motion, insisted that a new trial ought to be granted---

*First*, Because much of this evidence, by the plaintiff submitted to the jury, consisted of the declarations of the defendant; among others, that to Burleson, soon after the defendant's attachment, "that he had attached more property than the amount of his debt," &c.

To rebut the presumption, in the mind of the jury, arising from such declarations, the mortgage deed from Mumford Eldred to Parker, then lying on the property attached, to the amount of $3000, and then unknown to the defendant, should have been submitted to the jury. The fact was very material; it would have shown on what mistaken views of the subject those declarations were made, and obviated their effect with the jury entirely. And because,

*Secondly*, The jury, he conceived, were misled by the charge of the honourable court, in this, that the court charged the jury, that it was unnecessary for the plaintiff to show any previous concert, or agreement of the parties; or the privity of Mumford Eldred, if Caleb and Mumford Eldred did afterwards justify the said judgment to be *bona fide*.

Whereas, the statute makes the fraudulent privity, consent, and agreement of the parties at the time the act complained of is committed, to be of the very essence of the crime; or in other words, that an after transaction shall not be extended, to make a prior act, not penal when committed, a penal crime by relation. And because,

*Thirdly*, The court charged the jury, that the penalty extended to the whole amount of the judgment obtained, although the jury should find but part of the consideration fraudulent. Whereas, the statute extends the penalty in all cases, commensurate only with the fraudulent consideration. But,

*Lastly*, This verdict must be set aside as to the costs, and judgment be for the penalty only.---*Frederic* vs. *Lookup*, 4 *Burr. Rep.* 2018.---*Ib.* 2489.---2 *Tidd*, 790.---*Ib.* 1165.---6 *T. Rep.* 237. ---*Cowp.* 827.---4 *T. Rep.* 227.

*Bennett* and *Smith*, contra. The mortgage deed was properly rejected. An attaching creditor is not restricted to the amount of his debt. The declarations of the defendant, which were testified to without objection, were immaterial, and required no rebutting proof. The mortgage deed tended only to show, that a smaller amount of property was attached than what the defendant might have supposed. This was no part of the issue. The issue was, had the defendant obtained a covinous and fraudulent judgment against Mumford Eldred, to avoid the debt of the plaintiff? And neither the defendant's declarations proved, nor the mortgage, were relevant to it.

*Secondly.* It was not necessary for the plaintiff to show a consent or agreement between the defendant and Mumford Eldred previous to the commencement of the suit. The statute provides, that "every of the parties" to a covinous judgment

*Bennington,
January,
1827:*

Wright,
*qui tam,*
vs:
Eldred:

*Bennington, January, 1827.*

Wright, qui tam, vs. Eldred,

shall forfeit the whole amount of the judgment. If the defendant was alone privy to the judgment, he, and he alone, is subject to the penalty.—Besides, the privity of Mumford Eldred may be shown to have taken place after the judgment was obtained. The court charged the jury to find, that Mumford Eldred, as well as the defendant, after the judgment rendered, justified it to be *bona fide,* and upon good consideration. If, therefore, the privity of Mumford Eldred were necessary to the plaintiff's recovery, the fact found by the jury, that he justified the judgment after it was procured, must be sufficient to constitute the offence contemplated by the statute.

*Thirdly.* If a judgment, recovered to avoid the right debt or duty of others, is founded on two claims, one of which is fictitious, the penalty extends to the whole amount of the judgment. The statute on which this action is found will not admit of a different construction. It is expressly declared by the legislature, that "so much money as shall be contained in the covinous judgment," shall be the amount of the penalty. In support of this construction, it is further contended,

1st. That a judgment is an entire thing, and is either good or bad in toto.—For this reason, a judgment cannot be reversed in part, or affirmed in part.—2 *Ba. Ab.* 500, *Error, M.* 1.—*Cro. Eliz.* 425.

2d. That fraud vitiates every thing connected with it. A judgment cannot be in part fraudulent and in part bona fide. A contract, founded on two considerations, one of which is fraudulent, is void in toto.—1 *Esp. N. P.* 182-3.—2 *Comyn on Con.* 143.—1 *Wheat. Sel.* 45, 244.—*Cro. Jac.* 108.—3 *Mass. Rep.* 51.—17 *Johns. Rep.* 296.—3 *Taunt. Rep.* 226.—2 *Burr. Rep.* 1078.

3d. As against an attaching creditor, the judgment would be wholly void, and therefore it must be wholly fraudulent.

*Fourthly.* The penalty by the statute attaches as well to *judgments* and *executions,* as to a bond, bill, note, contract, or agreement.—4 *East's Rep.* 1, *Maux, qui tam,* vs. *Howell.*

The opinion of the Court was pronounced by

PRENTISS, J. Two grounds have been relied upon in the argument, for reversing the judgment of the county court, neither of which, in our opinion, can avail the defendant.

It is evident, that the proof offered of the existence of an incumbrance upon the land attached by the defendant, with the other property, in the suit against Mumford Eldred, could have had no other effect, than merely to obviate whatever inference might be drawn from the declaration of the defendant, that he had attached more property than to the amount of his debt. This declaration, the proof of which it seems was admitted without objection, it is apparent could have had no influence in the case. If a creditor attaches more property than is sufficient to secure his debt, no presumption of a fraudulent intent can arise from that circumstance alone. The matter in issue was, whether the suit was instituted, and the judgment recovered,

against Mumford Eldred, without consideration, and with an intent to avoid the plaintiff's debt. Whether the amount of the property attached was excessive, or the land was incumber- ed by the mortgage to Parker, or not, was not at all material, either as to the question of consideration, or the intent with which the suit was instituted and the judgment recovered. Be- sides, the offer to give the mortgage in evidence was accompa- nied with an admission, that the defendant was ignorant of its existence at the time of the attachment, and of course it could not have been considered by him, or entered at all into his mo- tives, in making the attachment. As the evidence was irrele- vant, and could have had no bearing upon the issue, it was properly rejected.

The instruction to the jury, to which exception has been ta- ken, was, that if the defendant commenced and prosecuted to judgment and execution, the suit against Mumford Eldred, hav- ing no claim or demand against him, with the purpose and in- tent to avoid the plaintiff's debt, and the defendant and Mum- ford Eldred afterwards justified the same to be *bona fide*, and upon good consideration, it was not necessary for the plaintiff to show any previous concert or agreement between the par- ties, or the privity of Mumford Eldred. Under this instruc- tion, the verdict must be taken to have found, that the suit was instituted, and the judgment recovered, by the defendant, upon a feigned demand, with an intent to avoid the plaintiff's debt, and consequently, was without consideration, and fraudu- lent in fact; and also, that Mumford Eldred, as well as the de- fendant, after the recovery of the judgment, justified it as being *bona fide*, and upon good consideration. It would seem that these facts, without the production of other proof on the part of the plaintiff, were sufficient to bring the case within the statute, which in express terms makes "*every* of the parties to such fraudulent and deceitful conveyance, &c. suit, judgment, or execution, who, being privy thereto, shall justify the same, &c." liable to the penalty. If covin or collusion between the parties was essential to constitute the offence, the facts found sufficiently show this. The jury were not directed, that it was not necessary to find that Mumford Eldred participated in the fraud, but that if, after the recovery of the judgment, he justifi- ed it as being *bona fide*, and upon good consideration, when in fact it was without consideration, and recovered with an intent to avoid the plaintiff's debt, it was unnecessary for the plaintiff to show a previous agreement between the parties, or that the judgment was obtained with the actual consent or knowledge of Mumford Eldred. The substance of the direction was, that the fact that Mumford Eldred justified the judgment after its recovery, was, in point of law, sufficient evidence of collusion between the parties; and to hold otherwise, and require other or further proof of his consent, or of an agreement between the parties, would narrow the operation of the statute, and in a great measure defeat its beneficial provisions. If a person is

*Bennington,*
January,
1827.

Wright,
*qui tam,*
*vs.*
Eldred.

made a party to a fraudulent conveyance, without his know-ledge, and he does not accept or justify it, he is not within the statute. But although such conveyance is made, and put upon record, without his knowledge, as it may be, yet, if he after-wards claims the benefit of it, and sets it up as being *bona fide*, and founded upon good consideration, he will be considered as participating in the fraud, and subject to the consequences of it. So, although a suit is instituted and judgment recovered in the name of another, without his knowledge, yet, if he after-wards assents to the judgment, and sets it up as being *bona fide*, knowing it to be fraudulent, he will be liable as a party to it. By the provisions of our laws, a judgment may be recovered at the instance of one party, in the absence of the other from the state, and without his actual consent or knowledge; and it would seem, that if the party against whom a fraudulent judg-ment shall be so recovered, should afterwards assent to it, and justify it as being *bona fide*, it would be equivalent to a prece-dent agreement or consent. On this principle, the fact, which the jury must be considered as having found, that Mumford El-dred justified the judgment after its recovery as being *bona fide*, was, of itself, sufficient evidence of collusion between the par-ties, and brought the case within the statute, without other proof of his knowledge of the judgment, or consent to its recov-ery.

It has not been urged as a point in the case, that the statute, in the latter part of the clause giving the penalty, only men-tions "*bond, bill, note, contract,* or *agreement,*" omitting the words, "*suit, judgment,* or *execution.*" A similar omission occurs in the 13 *Eliz.*; and in *Meux* vs. *Howell,* 4 *East,* 1, it was held, that the penalty, notwithstanding the omission, attached as well upon a covinous *judgment* as upon a covinous *bond.* Our statute is not a literal transcript of the enacting clause of the 13 *Eliz.* nor does it contain a like proviso for the pro-tection of *bona fide* purchasers upon good consideration; yet it has always been considered in substance the same as that act, and as subject to the same construction.

Judgment for the plaintiff affirmed.

*Hall, Bennett,* and *Phinehas Smith,* for the plaintiff.

*Morrill, Church,* and *John Phelps,* for the defendant.