GREENLIEF WEBB, *qui tam, v.* WILLIAM LONG.

The statute of 1821,—Sl. St. 266,—which imposed a penalty for being party
to a fraudulent note, or judgment, continued in force until July, 1840, and
all penalties incurred therefor prior to that time accrued subject to the pro-
visions of that statute.

Under that statute the whole amount of a judgment was forfeited, though but
part of the consideration was fraudulent.

THIS was an action brought to recover the penalty, imposed by
the statute of Nov. 15, 1821, for being party to a fraudulent judg-
ment.    The action was referred, and the referee reported, in sub-
stance, that, on the 23d day of April, 1840, the plaintiff was a cred-
itor of one James Long, that the said James was then the owner of
certain cattle, which were of the value of one hundred and fifty dol-
lars, that the said James, on that day, executed a note to the defend-
ant for $416.77, of which the sum of $150 was fraudulent, and
without consideration, that the said James then confessed judgment
before a justice of the peace upon said note, and the defendant took
out an execution upon said judgment and caused the said cattle to
be sold thereon, that all this was done, both by James Long and the
defendant, to defraud the plaintiff of his said debt, and that the de-
fendant had justified the said note and judgment, as having been
*bona fide* and upon good consideration.

The referee submitted two questions to the decision of the court,
which were raised before him by the defendant,—one of which was,
whether the statute of Nov. 15, 1821, on which this action was
founded, was in force on the 23d day of April, 1840, and the other
was, whether the defendant, under the facts found, had forfeited the
whole amount of the judgment, being $416.77, or whether he had
only forfeited that portion of it which was fraudulent and without
consideration, being $150.00.

The county court rendered judgment for the plaintiff for $416.-
77; to which decision the defendant excepted.

On the part of the defendant the case was submitted without ar-
gument.

*W. Heywood, Jr.*, for plaintiff.

The opinion of the court was delivered by

WILLIAMS, CH. J. The defendant attempts to raise but two questions in this case, and to neither of them can we attach much importance.

1. Whether, by the repeal of the act of the legislature of 1821, against fraudulent conveyances, the plaintiff's claim was not discharged. The fraudulent note, to which the defendant was a party, was executed the 23d of April, 1840. The statute, which repealed the act of 1821, was not to take effect until July, 1840, until which time the statute of 1821 continued in force; and, by the repealing act, no penalty, or forfeiture, accrued before the statute was repealed, was to be affected by the repeal; and we cannot see any question arising on this state of the law. The law, under which the forfeiture accrued, was in force in April, 1840, and the penalty was saved to the party aggrieved, by the terms of the repealing act.

2. The other question, as to the amount of the forfeiture, was decided in the case of *Wright q. t. v. Eldred*, 2 Aik. 401. One of the points made in that case was as to the amount of the forfeiture, and it was holden that the whole amount of the judgment was forfeited, though but part of the consideration was fraudulent.

The judgment of the county court is therefore affirmed.